Shaw, C. J.
The statement in the application, that a cask
of water was kept in the third story, was prospective and in the nature of a representation. Houghton v. Manufacturers’ Mut. F. Ins. Co. 8 Met. 114. The judge ruled, that if this statement was untrue, it was matter of defence, and that the burden of proof was on the defendants, if they relied on this as a defence to avoid the policy, to prove that a cask was not placed in the third story. We think this ruling was correct and conformable to the rule of law. Catlin v. Springfield Fire Ins. Co. 1 Sumner, 434.
The other ground of defence was, that by changing a stovepipe the assured had increased the risk, without the consent of the company. The evidence tended to show, that the position of the stove in the lower story was changed, and that the smoke-pipe, instead of passing into the chimney in that story, *85 as it had before, was carried up through the floors of the second and third stories, and after passing round the third story, about two feet from the floor, for the purpose of drying wool, was made to enter the chimney in that story. The defendants contended, and requested the judge to instruct the jury, that if the change of the stove-pipe and the use of it in the third story materially increased the risk of fire in that story, the policy would be avoided, if this was done without the consent of the company. The judge, without giving the particular instruction as to this detached fractional part of the entire alteration, as requested by the defendants, instructed the jury generally, that if the alteration made by the plaintiff of the stove and smoke-pipe increased the risk or hazard from fire, it would avoid the policy and the plaintiff could not recover. This instruction was sufficiently favorable to the defendants. The alteration consisted in one single change; it was a question of fact, whether that one change did increase the risk. Had there been several changes in the insured premises, detached in time and place, and having no connexion with each other, some of which would increase, and others diminish the risk, it would have presented a different question, on which we give no opinion. Judgment for the plaintiffs.